IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| ROQUE TERCERO-ARANDA | § | |
| | § | |
| V. | § | C.A. NO. C-05-365 |
| | § | |
| DOUGLAS DRETKE | § | |

## MEMORANDUM AND RECOMMENDATION TO
## DENY IN FORMA PAUPERIS APPLICATION ON APPEAL

Texas state prisoner Roque Tercero-Aranda filed this action, which has been
styled as a petition for writ of habeas corpus.  (D.E. 1).  On October 17, 2005, the
undersigned magistrate judge issued a memorandum and recommendation to
dismiss petitioner's claim.  (D.E. 32).  That recommendation was adopted on
November 4, 2005.  (D.E. 37).  Pending is petitioner's motion to proceed in forma
pauperis in an interlocutory appeal.  (D.E. 39).[1]

## DISCUSSION

Petitioner is currently incarcerated in the McConnell Unit in Beeville, Texas.
He is a litigant who has accumulated in excess of three strikes under 28 U.S.C.

---

[1]  In his application to proceed in forma pauperis, petitioner has filed a motion pursuant to
Rule 60(b).  (D.E. 44).  In that motion, he argues "that the P.L.R.A. does not apply to this habeas
corpus petition."  (D.E. 44, at 3) (citing United States v. Cole, 101 F.3d 1076 (5th Cir. 1996);
Davis v. Fechtel, 150 F.3d 486, 490 (5th Cir. 1998); Carson v. Johnson, 112 F.3d 818 (5th Cir.
1997)).  Petitioner's claim was not denied simply because of violations of the Prison Reform
Litigation Act.  Instead, it was dismissed because he had repeatedly been sanctioned and ordered
to obtain judicial permission before filing any new actions and chose to ignore those sanctions and
court orders.  See infra.  Moreover, he did not receive permission from either a district judge or a
circuit judge to file this petition.

§ 1915(g), and is therefore, barred from proceeding in forma pauperis in any civil action or appeal filed while he is in prison unless he shows that he is under imminent danger of serious physical injury.[2]  He makes no such assertion or showing in his current petition.

Petitioner has been sanctioned by various courts as a result of his frequent filings.  Notably, the sanctions lodged against him include orders from various courts that he may not file documents in those courts without first obtaining permission.  For example, in October 2000, the Houston Division of the Southern District of Texas sanctioned Aranda $100 and directed the Clerk to accept no submissions "of any kind whatsoever" from him unless he paid the sanction and obtained permission to file from a judicial officer.  Aranda v. Simpson, et al., No.

---

[2]  Aranda v. Cason, No. 5:00-cv-63 (N.D. Tex. July 21, 2000), aff'd mem. 253 F.3d 702 (5th Cir. Apr. 12, 2001) (per curiam); Aranda v. Key, et al., No. 5:00-cv-198 (N.D. Tex. July 21, 2000), aff'd mem. 250 F.3d 740 (5th Cir. Feb. 14, 2001) (per curiam); Aranda v. Hirsch, et al., No. 5:00-cv-224 (N.D. Tex. July 21, 2000), aff'd mem. 253 F.3d 702 (5th Cir. Apr. 12, 2001) (per curiam); see also Aranda v. Prasifka, 71 Fed. Appx. 357, No. 03-40317 (5th Cir. Aug. 13, 2003) (per curiam) (regarding No. 2:02-cv-436 (S.D. Tex.)); Aranda v. Millsaps, 233 F.3d 574, No. 99-11394 (5th Cir. Aug. 29, 2000) (unpublished) (regarding No. 5:99-cv-333 (N.D. Tex.)); Aranda v. Shaw, et al., No. 5:00-cv-234 (N.D. Tex. July 21, 2000), aff'd mem. 250 F.3d 740 (5th Cir. Feb. 14, 2001) (per curiam); Aranda v. Massey, et al., No. 4:01-cv-195 (S.D. Tex. Feb. 6, 2001); Aranda v. Scott, et al., No. 4:99-cv-2326 (S.D. Tex. Mar. 7, 2001), aff'd mem. 229 F.3d 1148 (5th Cir. Aug. 10, 2000) (per curiam); Aranda v. Cravener, et al., No. 4:01-cv-751 (S.D. Tex. Mar. 15, 2001); Aranda v. Millsaps, et al., No. 5:00-cv-386 (N.D. Tex. Mar. 29, 2001); Aranda v. United States Government, No. 5:00-cv-379 (N.D. Tex. Mar. 30, 2001), aff'd mem. 275 F.3d 1080 (5th Cir. Oct. 26, 2001) (per curiam); Aranda v. McCrary, et al., No. 5:00-cv-409 (N.D. Tex. Mar. 30, 2001); Aranda v. Scott, et al., No. 4:00-cv-2935 (S.D. Tex. Oct. 25, 2000); Aranda v. United States District Judges, et al., No. 4:01-cv-1404 (S.D. Tex. May 10, 2001).  One court noted that, as of April 23, 2002, Aranda had filed at least forty-eight civil rights and habeas actions, and twenty-two appeals.  Tercero-Aranda v. Cockrell, No. 5:02-cv-077 (N.D. Tex. Apr. 29, 2002) (D.E. 8, at 2 n.1).

4:00-cv-3253 (S.D. Tex. Oct. 12, 2000), aff'd mem. 263 F.3d 163 (5th Cir. June 13, 2001) (per curiam).[3]   Similarly, the Fifth Circuit sanctioned petitioner $100 and directed the Clerk not to file and to return to him any submissions he should make until the fine is paid in full.  Aranda v. Dretke, No. 04-40182 (5th Cir.) (June 7, 2004 Order).

Petitioner has also been barred by other courts from filing without first obtaining judicial permission.  See, e.g., Aranda v. United States Government, No. 5:01-cv-379 (N.D. Tex. Mar. 30, 2001); Aranda v. McCrary, et al., No. 5:00-cv-409 (N.D. Tex. Mar. 30, 2001); Aranda v. Millsaps, No. 5:00-cv-386 (N.D. Tex. Mar. 29, 2001); Aranda v. Cockrell, No. 5:01-mc-49 (N.D. Tex. Oct. 12, 2001); Aranda v. United States Government, No. 5:01-mc-29 (N.D. Tex. Oct. 18, 2001); Aranda v. Key, No. 5:01-mc-30 (N.D. Tex. Oct. 18, 2001).  Petitioner has expressly been barred from filing new habeas petitions, see Tercero-Aranda v. Cockrell, No. 5:02-cv-77 (N.D. Tex.) (Apr. 29, 2002 Order), as well as filings of "any type," see Aranda v. Cockrell, No. 5:02-cv-61 (N.D. Tex.) (May 21, 2002 Order).[4]

The Fifth Circuit has held that a district court may honor the sanction order

---

[3] The docket sheet in Aranda v. Simpson indicates that petitioner paid the sanction on January 29, 2003.

[4] Even more recently, another court has directed that any mail received from Aranda (whether using the name Roque, Aranda, Roque T. Aranda, or Roque Tercero-Aranda) be returned to him unopened, with a notation on the outside of the envelope stating "RETURN TO SENDER PER COURT ORDER." Aranda v. Galvan et al, No. 5:04-cv-104 (N.D. Tex.) (May 20, 2004 Order); Aranda v. Stewart, et al, No. 5:04-cv-105 (N.D. Tex.) (May 20, 2004 Order) (same).

of another district court.  <u>Balawajder v. Scott</u>, 160 F.3d 1066, 1067-68 (5th Cir.

1999) (per curiam).  Indeed, the Southern District of Texas has previously barred

petitioner from filing new habeas actions in light of his failure to pay sanctions and

obtain permission.  <u>See</u> <u>Aranda v. Cravener</u>, No. 4:01-cv-750 (S.D. Tex.) (July 17,

2002 Op. on Dismissal); <u>Aranda v. Johnson</u>, No. 4:01-cv-191 (S.D. Tex.) (Mar. 8,

2001 Order of Dismissal).

       Indeed, the Fifth Circuit cautioned petitioner that he may be barred from

filing any civil actions:

> Our dismissal of this appeal counts as a strike against
> Aranda for purposes of 28 U.S.C. § 1915(g).  We caution
> Aranda that once he accumulates three strikes, he may not
> proceed in forma pauperis in any civil action or appeal
> filed while he is incarcerated or detained in any facility
> unless he is under imminent danger of serious physical
> injury.  *See* § 1915(g).

<u>Aranda v. Millsaps</u>, 233 F.3d 574, No. 99-11394 (5th Cir. Aug. 29, 2000) (per

curiam) (unpublished).  Within about six months, the Fifth Circuit determined that

petitioner is no longer allowed to proceed <u>in</u> <u>forma</u> <u>pauperis</u> in civil actions:

> Aranda has previously had at least one strike against him.
> *Aranda v. Millsaps*, No. 99-11394 (5th Cir. Aug. 29,
> 2000).  Aranda has acquired another two strikes as a
> result of this frivolous complaint and appeal.  See
> *Adepegba*, 103 F.3d at 386-88.  Additionally, Aranda
> today accumulates two more strikes in another appeal
> before this court.  *Aranda v. Shaw*, No. 00-10844. He now
> has at least five strikes.  Accordingly, <u>Aranda may no
> longer proceed IFP in any civil action or appeal filed</u>

> while he is in prison unless he is under imminent danger
> of serious physical injury. *See* 28 U.S.C. § 1915(g).

Aranda v. Key, 250 F.3d 740, No. 00-10849 (5th Cir. Feb. 14, 2001) (per curiam) (unpublished) (emphasis added); see also Aranda v. Simpson, 263 F.3d 163, No. 01-20064 (5th Cir. June 13, 2001) (per curiam) (unpublished) (reminding petitioner of prohibition against him); Aranda v. Cason, 253 F.3d 702, No. 00-10848 (5th Cir. Apr. 12, 2001) (per curiam) (unpublished) (same).  Thus, the Fifth Circuit has determined that petitioner has over three strikes and may no longer proceed in forma pauperis in these cases without a showing of imminent danger.

Petitioner's action was dismissed and his application to proceed in forma pauperis was denied because petitioner had repeatedly been sanctioned and ordered to obtain judicial permission before filing any new actions.  See, e.g., Aranda v. Cravener, No. 4:01-cv-750 (S.D. Tex.) (July 17, 2002 Op. on Dismissal); Aranda v. Johnson, No. 4:01-cv-191 (S.D. Tex.) (Mar. 8, 2001 Order of Dismissal).  Petitioner repeatedly flouted court orders and sanctions.  Dismissal is appropriate as a sanction where a party refuses to comply with court orders, including sanctions. Long v. Simmons, 77 F.3d 878, 879-80 (5th Cir. 1996); see also Link v. Wabash Railroad Co., 370 U.S. 626 (1962) (recognizing the inherent authority of a federal trial court to dismiss plaintiff's action for failure to prosecute in order to prevent undue delays in the disposition of pending cases and calendar congestion); Davis, 150 F.3d at 490-91 (dismissal for failure to prepay filing fees is an appropriate

5

sanction for abuse of the writ).  Petitioner's pending motion does not alter his continuous disregard for court orders and sanctions.  Therefore, it is respectfully recommended that his application to proceed in forma pauperis in an interlocutory appeal, (D.E. 39), should be denied.

## CERTIFICATE OF APPEALABILITY

The undersigned magistrate judge did not previously consider whether petitioner was entitled to a certificate of appealability.  An appeal may not be taken to the court of appeals from a final order in a habeas corpus proceeding "unless a circuit justice or judge issues a certificate of appealability."  28 U.S.C. § 2253(c)(1)(A).  It is respectfully recommended that this Court nonetheless address whether he would be entitled to a certificate of appealability.  See Alexander v. Johnson, 211 F.3d 895, 898 (5th Cir. 2000) (A district court may sua sponte rule on a certificate of appealability because "the district court that denies a petitioner relief is in the best position to determine whether the petitioner has made a substantial showing of a denial of a constitutional right on the issues before that court.  Further briefing and argument on the very issues the court has just ruled on would be repetitious.").

A certificate of appealability "may issue ... only if the applicant has made a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  "The COA determination under § 2253(c) requires an overview of the claims in the

habeas petition and a general assessment of their merits." <u>Miller-El v. Cockrell</u>, 537 U.S. 322, 336 (2003).  To warrant a grant of the certificate as to claims denied on their merits, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." <u>Slack v. McDaniel</u>, 529 U.S. 473, 484 (2000).  This standard requires a § 2254 petitioner to demonstrate that reasonable jurists could debate whether the motion should have been resolved differently, or that the issues presented deserved encouragement to proceed further.  <u>United States v. Jones</u>, 287 F.3d 325, 329 (5th Cir. 2002) (relying upon <u>Slack</u>, 529 U.S. at 483).

As to claims that a district court rejects solely on procedural grounds, a petitioner must show both that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right <u>and</u> that jurists of reason would find it debatable whether the district court was correct in its procedural ruling."  <u>Slack</u>, 529 U.S. at 484 (emphasis added).

In this case, it is respectfully recommended that reasonable jurists could not debate the denial of petitioner's § 2254 petition on substantive or procedural grounds nor find that the issues presented are adequate to deserve encouragement to proceed.  <u>Miller-El</u>, 537 U.S. at 327 (citing <u>Slack</u>, 529 U.S. at 484).

Accordingly, it is respectfully recommended that the Court find that

petitioner is not entitled to a certificate of appealability as to his claims.

## **RECOMMENDATION**

It is respectfully recommended that his motion to proceed in forma pauperis on appeal, (D.E. 39), be denied.  Furthermore, it is respectfully recommended that the Court find that petitioner is not entitled to a certificate of appealability as to his claims.

Respectfully submitted this 21st day of December 2005.

_____
BRIAN  L. OWSLEY
UNITED STATES MAGISTRATE JUDGE

<u>NOTICE TO PARTIES</u>

The Clerk will file this Memorandum and Recommendation and transmit a copy to each party or counsel.  Within **TEN (10) DAYS** after being served with a copy of the Memorandum and Recommendation, a party may file with the Clerk and serve on the United States Magistrate Judge and all parties, written objections, pursuant to 28 U.S.C. § 636(b)(1)(C); Rule 8(b), Rules Governing § 2254 Cases; Rule 72(b) of the Federal Rules of Civil Procedure; and Article IV, General Order No. 2001-6, United States District Court for the Southern District of Texas.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within TEN (10) DAYS after being served with a copy shall bar that party, except upon grounds of *plain error,* from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court.  <u>Douglass v. United Servs. Auto. Ass'n</u>, 79 F.3d 1415 (5th Cir. 1996) (en banc).