IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| ROQUE TERCERO-ARANDA<br>    TDCJ-CID #805045 | §<br>§ | |
| VS. | §<br>§ | C.A. NO. C-05-365 |
| DOUGLAS DRETKE | § | |

**ORDER DENYING PETITIONER'S
MOTION TO PROCEED *IN FORMA PAUPERIS* ON APPEAL
AND DENYING REQUEST FOR CERTIFICATE OF APPEALABILITY**

Pending are petitioner Rogue Tercero-Aranda's: (1) request for a certificate of appealability ("COA") (D.E. 55) and (2) motion to proceed *in forma pauperis* on appeal (D.E.58), both regarding the denial of his Rule 60(b) motion. (See D.E. 53). For the reasons stated herein, petitioner's motions are denied.

### I. Procedural Background

In a series of orders entered in November and December, 2005, the Court dismissed petitioner's § 2254 petition for habeas corpus relief, denied his motion seeking prior approval to file a habeas corpus action, and denied his application to proceed *in forma pauperis* (i.f.p.). (See D.E. 32, 37, 38). The Court found that petitioner is an abusive litigant who has been barred by other courts from filing habeas corpus petitions, has been sanctioned and not paid the fine, and has lost the privilege of proceeding i.f.p. Id. The Court found further no allegation of imminent danger of a serious physical injury. Id.

On December 9, 2005, petitioner filed a motion for reconsideration pursuant to Rule 60(b)(1) of the Federal Rules of Civil Procedure, arguing that the sanction applies only to § 1983 cases and that he was not required to obtain permission before filing habeas corpus actions (D.E. 44). The

Court rejected petitioner's argument and denied his Rule 60(b) motion (D.E. 53).

Petitioner has appealed the denial of his Rule 60(b) motion (D.E. 55),[1] and he now seeks leave to proceed i.f.p. on appeal (D.E. 58).

## II. Discussion

### A. Certificate of appealability.

Petitioner's notice of appeal (D.E. 55) is construed as a request for a certificate of appealability. Fed. R. App. P. 22(b).

A COA "may issue...only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). "The COA determination under § 2253(c) requires an overview of the claims in the habeas petition and a general assessment of their merits." Miller-El v. Cockrell, 537 U.S. 322, 336 (2003). To warrant a grant of the certificate as to claims denied on their merits, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." Slack v. McDaniel, 529 U.S. 473, 484 (2000). This standard requires a § 2254 petitioner to demonstrate that reasonable jurists could debate whether the motion should have been resolved differently, or that the issues presented deserved encouragement to proceed further. United States v. Jones, 287 F.3d 325, 329 (5th Cir. 2002) (relying upon Slack, 529 U.S. at 483-84).

As to claims that the district court rejects solely on procedural grounds, the petitioner must show both that "jurists of reasons would find it debatable whether the petition states a valid claim of the denial of a constitutional right *and* that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Slack, 529 U.S. at 484 (emphasis added).

---

[1] Petitioner also appealed the dismissal of his habeas corpus petition (D.E. 51).

In this case, the Court did not reach the merits of Aranda's § 2254 petition. Instead, it found that Aranda, due to his past tactics and history of abusing the i.f.p. privilege, has forfeited the right to proceed i.f.p. in any civil action, save and except those in which he might be in imminent danger of serious physical harm.[2] As to the denial of Aranda's i.f.p. application, and the subsequent denial of his motion for reconsideration, the Court finds that jurists of reason would not debate whether he has stated a valid claim of the denial of a constitutional right, nor would they find this Court's procedural rulings debatable. Miller-El, 123 S. Ct. at 1034 (citing Slack, 529 U.S. at 484). Thus, Aranda is not entitled to a COA on to his claims.

**B.   Motion to proceed i.f.p. on appeal.**

Petitioner seeks leave to proceed on appeal *in forma pauperis* (D.E. 58).

Rule 24(a)(3), Fed. R. App. P. provides in relevant part:

> A party who was permitted to proceed in forma pauperis in the district-court action, . . . may proceed on appeal in forma pauperis without further authorization, unless the district court–before or after the notice of appeal is filed–certifies that the appeal is not taken in good faith or finds that the party is not otherwise entitled to proceed in forma pauperis. . . .

Fed. R. App. P. 24(a)(3).

Aranda purports to bring his instant i.f.p. request pursuant to Rule 24 of the Federal Rules of Appellate Procedure. However, Rule 24 does not apply to Aranda because he was never granted leave to proceed i.f.p. before this Court. His i.f.p. application was specifically rejected because of his many past abuses of the i.f.p. privilege and his taxing of judicial resources and time. Moreover, for the numerous reasons set forth in the before-mentioned orders, petitioner's motion to proceed i.f.p. on appeal (D.E. 58) is DENIED. Aranda's appeal is not brought in good faith and he has lost the

---

[2] See 28 U.S.S. 1915(g).

privilege of proceeding i.f.p.

    ORDERED this 20th day of October, 2006.

                                            Janis Graham Jack
                                    United States District Judge